UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
JUL 27 2016
JUDGE JOHN ROBERT BLAKEY
United States District Court

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No.: 15 CR 699 |
| JABARI R. DEAN | |

## AGREEMENT TO DEFER PROSECUTION

The UNITED STATES OF AMERICA, by its attorney, ZACHARY T. FARDON, United States Attorney for the Northern District of Illinois, and the defendant, JABARI R. DEAN, and his attorney, DAMON CHERONIS, hereby agree to the following:

Defendant has been charged by information with a violation of Title 18, United States Code, Section 875(c). Defendant understands that he has a right to have his guilt or innocence of the charges determined by a jury of his peers under the terms of the Speedy Trial Act, Title 18, United States Code, Section 3161, *et seq.* By signing this agreement, defendant agrees that, pursuant to Title 18, United States Code, Section 3161(h)(2), the period during which this prosecution is delayed pursuant to this Agreement is to be excluded in computing the time within which the trial in this case must commence under the Speedy Trial Act. Defendant knowingly waives his right to assert that his trial did not occur within the time limits prescribed by the Speedy Trial Act.

The United States Attorney will move the district court, pursuant to Title 18, United States Code, Section 3161(h)(2), to defer the prosecution of defendant on the information for 18 months for the purpose of allowing defendant to demonstrate his good conduct during this period. For the purpose of demonstrating his good conduct, defendant agrees to abide by the conditions and requirements of this Agreement set out below.

### Conditions of Pretrial Diversion

Defendant shall not violate any federal, state, or local law (excluding minor traffic and parking infractions).

Defendant shall immediately contact the assigned pretrial diversion supervisor if arrested and/or questioned by any law enforcement officer for any reason.

1

Defendant shall refrain from unlawfully using or possessing narcotic drugs or other controlled substances defined in Title 21, United States Code, Section 802, unless prescribed by a licensed medical practitioner.

Defendant shall report as directed to the assigned pretrial services supervisor, comply with his or her instructions, and keep the supervisor informed of defendant's whereabouts.

Defendant shall not travel outside the Northern District of Illinois without first obtaining the approval of the assigned pretrial services officer.

Defendant shall not obtain any passport or international travel document.

Defendant shall continue to reside in the Northern District of Illinois. If defendant intends to move out of this district, defendant shall inform the assigned pretrial diversion supervisor so the Pretrial Services Office and the government can determine whether it is possible and appropriate to transfer responsibility for supervision.

Defendant shall not possess any firearm or apply for any Firearm Owner Identification ("FOID") card.

Defendant shall participate in, and abide by, any and all programs and examinations as directed by the assigned pretrial diversion supervisor.

With respect to any counseling, treatment, or testing program entered into at the direction of the Pretrial Services Office, defendant must conform to all rules and obligations of the program. Defendant may not withdraw or be discharged from the program without the prior approval of the United States and Pretrial Services. Defendant may be required to execute a written waiver in connection with the program, which will allow Pretrial Services and the government to monitor defendant's compliance and progress.

Defendant shall complete 100 hours of community service, at the direction of Pre-Trial Services. Defendant understands and agrees that this community service may include community outreach under the direction of the Federal Bureau of Investigation. Defendant's community service may also include, among other things, speaking at various forums and to community groups, students and educational institutions about his experiences in connection with this case. Defendant further agrees to participate in a film or any other media on those subjects as requested by the FBI. Defendant's community service must be approved by both Pretrial Services and, for community service directed by the FBI, the FBI.

Defendant shall continue to follow the conditions of pretrial release.

### Admissions by Jabari R. Dean

By signing this Agreement, defendant admits the following facts and agrees that these admissions may be used against him in any proceeding for any purpose, including as admissions, in the event that the government subsequently determines that he has breached this Agreement and the United States resumes or institutes prosecution of the charge against defendant in the information, or any other charge:

On or about November 28, 2015, at Chicago, in the Northern District of Illinois, Eastern Division, JABARI R. DEAN knowingly transmitted in interstate commerce a communication containing a threat to injure the person of another, namely, students, staff, and law enforcement officers at a particular university, by posting an internet communication from Chicago, Illinois, to a server located in San Francisco, California, in violation of Title 18, United States Code, Section 875(c).

More specifically, on November 28, 2015, knowing that it would be viewed as a threat, defendant posted the following comment to a publicly available website:

> This is my only warning. At 10 a.m. on Monday mourning (sic) I am going to the campus quad of [a university]. I will be armed with a M-4 Carbine and 2 Desert Eagles all fully loaded. I will execute aproximately (sic) 16 white male students and or staff, which is the same number of time (sic) Mcdonald (sic) was killed. I then will die killing any number of white policemen that I can in the process. This is not a joke. I am to do my part to rid the world of the white devils. I expect you to do the same…..

Defendant posted the comment through the internet from a cellular phone while in his residence in Chicago, Illinois, and the comment was routed through a server in San Francisco, California. Defendant, who did not possess any firearms, voluntarily removed the comment from the website within minutes of posting it.

### Further Agreements Between the Parties

If, at any point during the period of this Agreement, defendant violates any condition of this Agreement, the United States Attorney may unilaterally revoke or modify any conditions of this Pretrial Diversion Agreement and/or change the period of supervision, which shall in no case exceed twenty-four months. The United States Attorney may release defendant from supervision at any time. The United States

Attorney may at any time within the period of defendant's supervision initiate prosecution for this offense should defendant violate the conditions of this Agreement. In this case, the government will furnish defendant with notice specifying the conditions of the Agreement which defendant has violated. Determination of whether defendant has violated this Agreement shall be within the sole discretion of the United States Attorney.

If defendant successfully completes this diversion program and fulfills all the terms and conditions of the Agreement, the government will move the Court to dismiss the information against defendant.

Defendant understands that this Agreement is a public document and may be disclosed to any party.

Defendant understands that pursuant to Title 18, United States Code, Section 3161(h)(2), this Agreement is subject to approval by the Court. Should the Court refuse to approve, and thereby reject, this Agreement, neither party shall be bound to any term of this Agreement, and no admissions in this Agreement may be used against defendant.

## Waiver of Claims Arising From Delay

I, JABARI R. DEAN, assert and certify that I am aware of the fact that the Sixth Amendment to the Constitution of the United States provides that in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial. I also am aware that Rule 48(b) of the Federal Rules of Criminal Procedure provides that the Court may dismiss an indictment, information, or complaint for unnecessary delay in presenting a charge to the Grand Jury, filing an information or in bringing a defendant to trial. I hereby request the United States Attorney for the Northern District of Illinois to defer any prosecution of me for violation of Title 18, United States Code, Section 875(c) for the period of 18 months, and to induce the United States Attorney to defer such prosecution I agree and consent that any delay from the date of this Agreement to the date of initiation of prosecution, as provided for in the terms expressed herein, shall be deemed to be a necessary delay at my request, and I waive any defense to such prosecution on the ground that such delay operated to deny my rights under Rule 48(b) of the Federal Rules of Criminal Procedure and the Sixth Amendment to the Constitution of the United States to a speedy trial or to bar the prosecution by reason of the running of the statute of limitations for a period of months equal to the period of this agreement.

Defendant acknowledges that he has read this Agreement and has carefully reviewed each provision with his attorney. Defendant and his attorney acknowledge

that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

_____   Date: 7\27\16
JABARI R. DEAN

_____   Date: 7|27|16
DAMON CHERONIS
Attorney for Jabari R. Dean

_____   Date: 7/27/16
TOBARA RICHARDSON
Assistant U.S. Attorney

5

2016 JUL 28  AM 8: 46